IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEO BRANDON FARNSWORTH,<br>    Plaintiff,<br>v.<br><br>JANET YELLEN, Secretary of the<br>Treasury,<br>    Defendant. | Case No. 7:21-cv-00623<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

### MEMORANDUM OPINION

Leo Brandon Farnsworth, a Virginia inmate proceeding pro se, filed this civil action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, alleging that he has been improperly denied stimulus payments under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). For the following reasons, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

### I.    BACKGROUND

Farnsworth is incarcerated within the Virginia Department of Corrections. Compl., ECF No. 1, at 2. He claims that he has not yet received stimulus payments to which he is entitled under the CARES Act. Id. Farnsworth asserts that Janet Yellon, the Secretary of the Treasury, is "duly responsible for the stimulus checks" and that the failure to issue checks to him is "in contempt" of the district court's decision in Scholl v. Mnuchin, 494 F. Supp. 3d 661 (N.D. Cal. 2020). Id. at 2–3. Farnsworth asks that the court order Yellen to issue stimulus checks totaling $2,000. Id. at 3. He also seeks to recover compensatory damages for emotional distress. Id.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc).

## III. DISCUSSION

Absent waiver, sovereign immunity shields the United States from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994). In other words, "the United States cannot be sued at all without the consent of Congress." Block v. North Dakota, 461 U.S. 273, 287 (1983). Sovereign immunity extends to federal agencies and federal officers acting in their official capacities. Muniz-Muniz v. United States Border Patrol, 741 F.3d 668, 671 (6th Cir. 2013). The doctrine is "jurisdictional in nature," meaning that the court lacks the ability to enter judgment against an immune defendant. Meyer, 510 U.S. at 475; see also Muniz-Muniz, 741 F.3d at 671 ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").

The FTCA, under which Farnsworth filed suit, "operates as a limited waiver of the United States' sovereign immunity." Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996). "Unless the United States may be held liable pursuant to the terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists." Id.; see also

Lins v. United States, 847 F. App'x 159, 170 (4th Cir. 2021) ("Whether a claim falls within the purview of the FTCA presents an issue of subject matter jurisdiction . . . .").

The FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." Meyer, 510 U.S. at 475 (citing 28 U.S.C. § 1346(b)). "Federal courts have jurisdiction over these claims if they are 'actionable under § 1346(b).'" Brownback v. King, 141 S. Ct. 740, 746 (2021) (quoting Meyer, 510 U.S. at 477). A claim is actionable under § 1346(b) if it is:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Meyer, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). Section 1346(b) further provides that a prisoner may not "bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 28 U.S.C. § 1346(b)(2); see also Carter v. United States, 694 F. App'x 918, 923 (4th Cir. 2017) (describing § 1346(b)(2) as a "jurisdictional limitation").

Against this backdrop, the court concludes that Farnworth's complaint does not state an actionable claim under the FTCA for three reasons. First, the complaint was not filed "against the United States." Meyer, 510 U.S.C. at 477. Instead, the complaint names the Secretary of the Treasury as the sole defendant. It is well settled, however, that "the United States is the only proper defendant in an FTCA action." Smith v. United States, 561 F.3d 1090,

1099 (10th Cir. 2009) (internal quotation marks and citation omitted); see also Webb v. Hamidullah, 281 F. App'x 159, 161 n.4 (4th Cir. 2008) (noting that the United States is "the only proper defendant in the FTCA claim") (citing 28 U.S.C. § 2674)).

Second, even if Farnsworth had named the proper defendant, the complaint does not allege that "the United States, if a private person, would be liable to [him] in accordance with the law of the place where the act or omission occurred." Meyer, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive law under the FTCA." Id. at 478 (citations omitted). "As such, it is well-established that a federal agent's failure to fulfill duties imposed upon [the agent] solely by federal statute cannot stand alone as a basis for suit under the FTCA." Coleman v. United States, 912 F.3d 824, 835 (5th Cir. 2019); see also Liranzo v. United States, 690 F.3d 78, 85 (2d Cir. 2012) ("The FTCA does not waive sovereign immunity for claims based solely on alleged violations of federal law.") (citing Meyer, 510 U.S. at 478). In this case, Farnsworth does not assert any claims under state law. Instead, he asserts that the Secretary of the Treasury has not complied with the provisions of the federal CARES Act that were interpreted by the district court in Scholl.* Because Farnsworth solely seeks to recover for alleged violations of federal law, his claims are not actionable under the FTCA. See Clark v. United States, 326 F.3d 911, 914 (7th Cir. 2003) ("[Plaintiff] merely alleges that the IRS violated federal law by failing to promptly issue him a replacement check under 31

---

* In Scholl, which was brought under the Administrative Procedure Act, the district court concluded that incarcerated individuals are "eligible individual[s]" for purposes of the CARES Act. Scholl, 494 F. Supp. 3d at 689. Accordingly, it enjoined the Secretary of the Treasury from withholding stimulus payments "from plaintiffs or any class member on the sole basis of their incarcerated status." Id. at 693. Notably, however, the district court took "no position on whether plaintiffs or class members are in fact owed [stimulus] payments or the amount of those payments." Id. at 691.

4

U.S.C. § 3343. An alleged violation of a federal statutory duty cannot form the basis of an FTCA claim.").

Finally, Farnsworth does not allege that he suffered a physical injury of any kind. Consequently, to the extent he seeks to recover damages for mental anguish or emotional distress, his claim is barred by § 1346(b)(2).

## IV. CONCLUSION

For the reasons stated herein, the court concludes that Farnsworth's claims do not fall within the purview of the FTCA. Consequently, the court **DISMISSES** the complaint without prejudice for lack of subject matter jurisdiction. An appropriate order will be entered herewith.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.06.03 12:47:43 -04'00'

Michael F. Urbanski
Chief United States District Judge